19-2649
Bolivar-Sinchi v. Garland

BIA
Christensen, IJ
A206 419 548

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-two.

PRESENT:
    JOSÉ A. CABRANES,
    SUSAN L. CARNEY,
    MICHAEL H. PARK,
        *Circuit Judges.*

_____

MARIO BOLIVAR-SINCHI,
        *Petitioner,*

        v.                                    19-2649
                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            H. Raymond Fasano, Youman, Madeo
                           & Fasano, LLP, New York, NY.

**FOR RESPONDENT:**                    Joseph H. Hunt, Assistant
                                       Attorney General; Jessica A.
                                       Dawgert, Senior Litigation
                                       Counsel; Jacob A. Bashyrov, Trial
                                       Attorney, Office of Immigration
                                       Litigation, United States
                                       Department of Justice, Washington,
                                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mario Bolivar-Sinchi, a native and citizen of Ecuador, seeks review of a July 31, 2019 decision of the BIA affirming a January 25, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Mario Bolivar-Sinchi,* No. A 206 419 548 (B.I.A. July 31, 2019), *aff'g* No. A 206 419 548 (Immig. Ct. N.Y. City Jan. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).   The IJ may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."   8 U.S.C. § 1158(b)(1)(B)(iii).   "We defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."   *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.   Upon review, we conclude that substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies between Bolivar-Sinchi's testimony and statements made by him during his credible fear interview.   When discrepancies arise from an applicant's statements in a credible fear interview, we closely examine the interview record to ensure that it

3

represents a sufficiently accurate record of the applicant's statements to merit consideration in determining credibility. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009). The record of Bolivar-Sinchi's interview contains the following indicia of reliability: (1) it includes a list of questions and responses; (2) the interviewer posed questions to elicit an asylum claim; (3) Bolivar-Sinchi did not appear reluctant to reveal information; and (4) his responses suggested that he understood the interpreter. *Id.* at 724. Further, a comparison of the interview record and Bolivar-Sinchi's testimony reveals the inconsistencies identified by the IJ.

To begin, Bolivar-Sinchi testified that he was not a formal member of the Patriotic Society Party ("PSP"), but he stated at the interview that he was a member of PSP and that he joined in October 2013 because they gave him a job. The IJ was not required to credit his explanation that he meant the party might give him a job if it won. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate

4

that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (emphasis in original). Bolivar-Sinchi also testified that he was at work hanging up posters outside on the date of the October 2013 attack, but he stated at his credible fear interview that he was attacked on his way to work.

The IJ also reasonably relied on inconsistencies between Bolivar-Sinchi's testimony and his affidavit. Bolivar-Sinchi testified that his political activities were limited to hanging posters and talking to people in the community to gain support for the PSP. But in his affidavit he asserted that he helped the candidates set up the areas where they were going to give speeches. The IJ reasonably rejected his explanation that his lawyer may not have understood him, particularly given his confirmation that his attorney had reviewed the statement with him, and the statement was true and correct. *See Majidi*, 430 F.3d at 80.

More crucially here, Bolivar-Sinchi testified that he was hit and kicked during a November 2013 attack, resulting in a laceration to his head. In his affidavit, however, he reported that he was threatened at gunpoint in the November

5

2013 encounter; he did not mention any physical attack or injury.

The IJ also found that Bolivar-Sinchi's testimony was inconsistent regarding the details of the October 2013 attack. It is true, as Bolivar-Sinchi points out, that the testimony could be viewed as inconsistent, but the purportedly inconsistent portions may simply have been a result of confusion over what was asked. But we defer to the IJ's assessment that the assertions were in fact inconsistent. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous . . . . [and] a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal citations and quotation marks omitted)). Although this particular inconsistency may not alone provide strong support for the agency's adverse credibility determination, that determination is supported by substantial evidence given the "cumulative effect" of the inconsistencies reviewed above. *Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks omitted).

The adverse credibility determination that we sustain is dispositive of Bolivar-Sinchi's claims for, withholding of removal and CAT relief as well as asylum because they all rest on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7